UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
97 DEC 22 PM 3:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED COMPANIES LENDING ]
CORPORATION, ]
  ]
  Plaintiff(s), ]
  ] CV-97-N-2856-E
vs. ]
  ]
DAVID CHILDERS, ]
  ]
  Defendant(s). ]

ENTERED
DEC 2 2 1997

## Memorandum of Opinion

The court has for consideration the October 29, 1997, motion to stay the proceedings and compel the defendant, David Childers ("Childers"), to submit his claims against the plaintiff, United Companies Lending Corporation ("United"), to binding arbitration pursuant to the Federal Arbitration Act ("FAA"), together with Mr. Childers' amended motion to dismiss, filed November 24, 1997. For the reasons set out herein, United's motion to stay the proceedings and compel arbitration will be granted and Mr. Childers' motion to dismiss will be denied.

**I.    Motion to Stay Proceedings and Compel Arbitration.**

Mr. Childers commenced an action in the Circuit Court of Lauderdale County on October 6, 1997, against United, Butch Anderson ("Anderson"), Anderson Properties, Central Alabama Title Company, Inc., and Dolan Williams ("Williams"). In his state court complaint, Mr. Childers alleges that Mr. Anderson and Mr. Williams, acting as agents of United, misrepresented that certain property being transferred to him constituted 2.7 acres when the property, as actually conveyed, consisted of only approximately one acre. In the



state court complaint, Mr. Childers seeks compensatory and punitive damages for these alleged misrepresentations and suppressions of fact. Mr. Childers further avers that United and the other defendants in the state court action "deceived the Plaintiff into purchasing only one acre of land having represented to him that the tract of land for (sic) which he was purchasing consisted of 2.7 acres for the sum of $22,000," and that judgment should be entered against United and the other defendants for both compensatory and punitive damages, in an amount to be determined by a jury. *State Court Complaint*, Count III.

On October 6, 1995, as part of the transaction at issue in the state court action, United entered into a contract with Mr. Childers whereby United agreed to loan money to him. Mr. Childers, therefore, executed a Promissory Note and Mortgage. The Mortgage agreement provides, in part, the following language:

> **Notice - Arbitration is applicable to this Mortgage.** It is important to read the next three (3) paragraphs carefully.
> Except as set forth below, all claims, counterclaims, disputes, legal controversies, and other matters in question arising out of, or relating to the extension of credit (the "Loan") by Lender to Borrower which is evidenced by the Note and secured by the Mortgage (including but not limited to the terms of the Loan, representations, promises, undertakings or covenants made relating to the Loan, or Loan Agreements executed in conjunction with the Note and Mortgage, services provided under the Loan, and the validity and construction of this arbitration provision) shall be resolved solely and exclusively by arbitration in accordance with the Commercial Arbitration rules of the American Arbitration Association then in effect. **THE ARBITRATION WILL TAKE THE PLACE OF ANY COURT PROCEEDING INCLUDING A TRIAL BEFORE A JUDGE OR A JUDGE AND JURY.** This agreement to arbitrate shall be specifically enforceable. The award rendered by the arbitration shall be final, non-appealable and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.
> Borrower and Lender agree that the Loan Agreements executed in conjunction with the Loan involve interstate commerce because the Borrower's Loan is being (i) provided by a lender organized under the laws

2

of, and with its principal place of business in, a state different than the state in which the Borrower resides and the property is located, (ii) made with funds provided by a depository institution chartered under the laws of either the United States or of another state and physically located in another state, (iii) made to be sold to one or more investors organized under the laws of and physically located in other states, (iv) made to be pooled to back securities issued by a trust organized under the laws of and physically located in other states and sold to investors organized under the laws of and physically located in other states, and (v) repaid by the Borrower on a monthly basis to the lender in Louisiana for remittance to such out of state investors.

Notwithstanding the foregoing, arbitration shall not apply with respect to either (i) foreclosure proceedings, whether pursuant to judicial action, power of sale, assent to a decree or otherwise, proceedings pursuant to which Lender seeks a deficiency judgment, or any comparable procedures allowed under applicable law pursuant to which a lien holder may acquire title to the property which is security for the Loan and any related personal property (including an assignment of rents or appointment of a receiver), upon a default by the Borrower under the mortgage loan documents or (ii) an application by or on behalf of the Borrower for relief under the federal bankruptcy laws or any other similar laws of general application for the relief of debtors, through the institution of appropriate proceedings.

*Excerpt of Mortgage executed by David G. Childers on October 6, 1995* (emphasis in original).

Also on October 6, 1995, as part of the same transaction, Mr. Childers executed a separate agreement entitled "AKNOWLEDGEMENT AND AGREEMENT TO ARBITRATE," which contains substantially the same language concerning the arbitrability of claims by Mr. Childers against United. *See Acknowledgement and Agreement to Arbitrate executed by David G. Childers on October 6, 1995.*

At the outset, it must be pointed out that the FAA, 9 U.S.C. § 1 *et seq.*, establishes a "federal policy favoring arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983). It provides that arbitration agreements "shall be

3

valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA effectively admonishes the federal courts to "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). Furthermore, questions of arbitrability must be addressed with regard to the federal policy favoring arbitration, and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hospital*, 460 U.S. at 24-25.

Although the FAA does not create independent federal question jurisdiction, *Id.* at 25 n.32, it does create a body of federal substantive law which establishes and regulates the duty to honor an agreement to arbitrate. The FAA explicitly requires that the arbitration provision be written, and that it evidence a "transaction involving commerce." 9 U.S.C. § 2. State law that conflicts with the FAA is preempted under the Federal Constitution's supremacy clause, Art. VI, clause 2. *Perry v. Thomas*, 482 U.S. 483 (1987). In the present case, diversity jurisdiction is satisfied because United is a Louisiana corporation and Mr. Childers is a domiciliary of Alabama.

Moreover, because Mr. Childers has asserted fraud and suppression claims for *unspecified* compensatory and punitive damages in his state court complaint, United must merely show by a preponderance of the evidence that more than $75,000 is in controversy. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996) (holding that where a plaintiff makes an unspecified claim for damages, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than

4

not exceeds the [$75,000] jurisdictional requirement"); *see also Earnest v. General Motors Corp.*, 923 F. Supp. 1469, 1471 (N.D. Ala. 1996). Because it is proper to aggregate compensatory and punitive damages in determining whether the amount in controversy exceeds $75,000, *Bell v. Preferred Life Assurance Society of Montgomery, Ala.*, 320 U.S. 238, 240, 64 S. Ct. 5, 6 (1943), and because compensatory damages (including for alleged mental anguish) and punitive damages in Alabama fraud cases often exceed $75,000, even where actual damages are minimal,[1] the court concludes that United has satisfied the preponderance of the evidence standard[2] and that diversity jurisdiction exists.

The determination of whether an issue is arbitrable depends upon whether the parties agreed to arbitrate the dispute. *Mitsubishi Motors v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626 (1985). Generally, if the parties have agreed to arbitrate a dispute, the district court must compel arbitration. *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 853-54 (11th Cir. 1992). However, the district court must first ascertain whether the arbitration clause is valid. *Id.* at 854; *see also, Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967) (holding that if the making of the arbitration agreement is an issue "the federal court may proceed to adjudicate it").

---

[1] *See, e.g., Liberty Nat'l Life Ins. Co. v. McAllister*, 675 So. 2d 1292, 1298 (Ala. 1995) (affirming jury award in fraud case of $1,000 in compensatory damages and $1 million in punitive damages); *Independent Life and Accident Ins. Co. v. Harrington*, 658 So. 2d 892, 893 (Ala. 1994) (affirming $4 million punitive damage award in fraudulent suppression case where plaintiff suffered actual damages of $1,200); *Foster v. Life Ins. Co. of Georgia*, 656 So. 2d 333, 333 (Ala. 1994) (reviewing judgment on verdict assessing compensatory damages at $250,000 and $1 million in punitive damages on fraud claim).

[2] Had the plaintiff made a *specified* claim for damages in his state court complaint, the court would lack jurisdiction unless it appeared to a "legal certainty" that the plaintiff's claims were for more than the jurisdictional amount. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). However, the plaintiff made an *unspecified* claim and, in his briefs to the court, has neither stated nor implied that he does not seek damages in excess of $75,000 in his state court lawsuit.

The Eleventh Circuit has stated that "[u]nder normal circumstances, an arbitration provision within a contract admittedly signed by the contractual parties is sufficient to require the district court to send any controversies to arbitration." *Chastain v. Robinson-Humphrey Co., Inc.*, 957 F.2d 851, 854 (11th Cir. 1992). "Under such circumstances, the parties have at least presumptively agreed to arbitrate any disputes, including those disputes about the validity of the contract in general." *Id*. "Because the making of the arbitration agreement itself is rarely in issue when the parties have signed a contract containing an arbitration provision, the district court usually must compel arbitration immediately after one of the contractual parties so requests." *Id*. Here, the parties do not dispute the validity of the arbitration agreements.

In its motion, United seeks from this court an order compelling Mr. Childers to arbitrate the claims he filed in the state court action against United, pursuant to the terms of the arbitration agreements executed on October 6, 1995. *Petition for Order to Compel Arbitration,* at 1. Mr. Childers, on the other hand, argues that the state court claims against United do not fall within the scope of the arbitration provisions. *See Motion to Dismiss Petition to Arbitrate and/or Motion to Remand*, at 1. Mr. Childers contends that the arbitration agreements between United and him "covers lending activities and not activities of a seller of real property which is the same subject matter of the [sic] Mr. Childers' complaint as filed in state court." *Id.* The court disagrees.

In the state court action, Mr. Childers has asserted fraud and suppression claims against United arising out of the financed purchase of real property from United. Mr. Childers avers that the "description and representations contained through the warranty

6

deed were false and failed to reveal certain encroachments and including lack of acreage," *Motion to Dismiss Petition to Arbitrate and/or Motion to Remand*, at 3, and that, as a result, the arbitration agreements are inconsequential because his fraud/suppression claims regarding the misdescription of the property relate only to United's role as seller of the property and not to the purchase money mortgage loan provided by United. However, as United explains in its brief, Mr. Childers' claims against United implicate United's role as lender as well as seller in the transaction. *See Response to Defendant's Motion to Dismiss Petition to Arbitrate and/or Motion to Remand*, at 3. In fact, the mortgage executed at the closing contains the same allegedly defective description of the property as that given in the warranty deed forming the basis for Mr. Childers' claims. Such a connection is logical because the transfer of property and the execution of the mortgage loan containing the arbitration provision were both consummated at the same closing in October of 1995. The express purpose of the loan was to finance the purchase of the property at issue in the state court action. Had no loan transaction taken place, there would have been no sale and vice versa. Under these circumstances, the sale and the execution of the loan were inextricably intertwined. As a result, the court concludes that Mr. Childers' state court claims against United are encompassed by the arbitration agreement he signed on October 6, 1995. Accordingly, United's motion to stay the state court proceedings against it and compel Mr. Childers to arbitrate his claims will be granted.

Finally, Mr. Childers argues in his amended motion to dismiss that United has waived its right to arbitration because United commenced proceedings in the Circuit Court for Lauderdale County, Alabama, against certain claimants to the property at issue in Mr.

7

Childers' state court action. *See Amended Motion to Dismiss*, at 2 (non-paginated). Arbitration should not be compelled when the party who seeks to compel arbitration has waived that right. In considering the issue of waiver, the court must be mindful of the Supreme Court's admonition that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Memorial Hosp.*, 460 U.S. at 24, 103 S. Ct. at 941, 74 L. Ed. 2d 765.

Nevertheless, the doctrine of waiver is not an empty shell. Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party. *See Morewitz v. West of England*, 62 F.3d 1356, 1366 (11th Cir. 1995) (citing *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1158 (5th Cir.1986)). Prejudice has been found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate. *E.C. Ernst, Inc. v. Manhattan Constr. Co.*, 559 F.2d 268, 269 (5th Cir. 1977).

Importantly, Mr. Childers is not a named party in United's state court lawsuit. And, in his argument to the court on this point, Mr. Childers fails to explain how United's claims against these other parties in its state court action constitutes a waiver of the right to arbitrate Mr. Childers' claims against United. As a result, Mr. Childers' waiver argument is both misleading and unfounded. The motion to dismiss will be denied.

**II.    Conclusion.**

The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this ____19th____ of December, 1997.

                                                    _____
                                                              EDWIN L. NELSON
                                                    UNITED STATES DISTRICT JUDGE